CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/16/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| FAITH HAMMER,<br>    Plaintiff,<br><br>v.<br><br><br>JOHNSON SENIOR<br>CENTER, INC. et al.,<br>    Defendants. | Civil Case No. 6:19-cv-00027<br><br><br><br>By: Robert S. Ballou<br>United States Magistrate Judge |

**REPORT & RECOMMENDATION**

This matter is before the court on defendants', Ashley Canipe and Melessa Dolan ("these defendants"), motion for default judgment against third-party defendant Life Care Management, Inc. ("LCM") and crossclaim defendant James Dolan (Dolan). Dkt. 55.

These defendants filed their third-party complaint against LCM and crossclaim against Dolan on July 3, 2019, seeking contribution or indemnification for both claims. See Dkt. 10 ("[T]hese defendants request that to the extent they are found liable to plaintiff in this action, a judgment be awarded in their favor against [LCM and Dolan] for the amount of their liability."). Dolan answered plaintiff's original complaint, but he has taken no steps to respond to the crossclaim. Dkt. 5. LCM has neither appeared nor taken any steps to respond to the third-party complaint.

These defendants filed a motion for default judgment on February 19, 2020. Dkt. 24. The court construed this motion as a motion for entry of default, and directed the clerk, pursuant to Fed. R. Civ. P. 55(a), to enter default against Dolan and LCM. Dkt. 52. These defendants now move for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Dkt. 55. However, their motion for default judgment is premature.

The cause of action in contribution and indemnity cases "is better linked to a time at which the indemnitee is injured, not the time at which the original plaintiff was injured." <u>In re Fela Asbestos Litig</u>., 638 F. Supp. 107, 113 (W.D. Va. 1986). Nevertheless, a party may, in some instances, assert an indemnity or contribution claim before the cause of action accrues. <u>See Virginia Intern. Terminals, Inc. v. Ceres Marine Terminals, Inc.</u>, 879 F. Supp. 31, 32 (E.D. Va. 1995) (stating that Virginia Code § 8.01-281 and Rule 3:10 permit the assertion of third-party indemnitee claims before the cause of action accrues). Yet, while a party may assert such claim, it is only after the contributee or indemnitee actually suffers a loss by making a payment that the cause of action and right to recover arise. <u>See</u>, <u>e.g.</u>, <u>Lone Mountain Processing, Inc. v. Ceres Marine Terminals, Inc.</u>, 94 Fed. App'x 149, 157-59 (4th Cir. 2004) (stating the general rule that "a claim for indemnification does not accrue until the indemnitee has suffered a loss"). Neither of these defendants have been held liable and, therefore, neither has incurred a loss.

Here, the defendants and third-party plaintiffs or cross claimant have incurred no loss for which contribution lies until Plaintiff obtains a judgment against them. Likewise, a claim of equitable indemnity as alleged here does not lie until defendants are determined liable to Plaintiff. Only then can the court determine whether the claims against the third-party defendant and cross claim defendant lie in contribution, indemnity or both. Thus, unless and until found liable, a motion for default judgment grounded in contribution or indemnification is premature.

Accordingly, I recommend **DENYING** these defendants' motion for default judgment. Of course, these defendants may refile their motion for default judgment if either is found liable and suffers a loss.

The Clerk is directed to transmit the record in this case to Judge Norman K. Moon, Senior United States District Judge, and to provide copies of this Report and Recommendation to

counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: November 13, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge